UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

XIOMARA AZUCENA SUARTE MARIN,

          Petitioner,

    v.

WARDEN, ADELANTO DETENTION FACILITY,

          Respondent.

Case No. 5:25-cv-03500-CV (AJR)

**ORDER ISSUING PRELIMINARY INJUNCTION PURSUANT TO ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION [20]**

On February 18, 2026, the Court issued a Temporary Restraining Order ("TRO") and Order to Show Cause why a Preliminary Injunction Should Not Issue ("OSC"). Doc. # 20 ("TRO Order"). On February 25, 2026, Respondents filed a Response to the OSC, and on February 28, 2026, Petitioner filed a Reply in response to the OSC. Doc. # 22 ("Gov. Resp."); Doc. # 23 ("Reply"). Having reviewed and considered all the briefing filed with respect to the Order to Show Cause Re: Preliminary Injunction, the Court finds that oral argument is not necessary to resolve the OSC, *see* Fed. R. Civ. P. 78(b); Local Rule 7-15; *Willis v. Pac. Mar. Ass'n*, 244 F.3d 675, 684 n.2 (9th Cir. 2001), and concludes as follows.

I.      **BACKGROUND**

1

On December 12, 2025, Petitioner Xiomara Azucena Suarte Marin filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. section 2241 against the Warden of the Adelanto Immigration and Customs Enforcement ("ICE") Processing Center ("Respondent"). Doc. # 1 ("Pet."). On February 7, 2026, Petitioner Xiomara Azucena Suarez Marin filed a Motion for a Temporary Restraining Order ("Motion"). Doc. # 15 ("Mot.").

On February 18, 2026, the Court issued the TRO and OSC ordering:

1.    Respondent is ordered to immediately release Petitioner from custody.

2.    Respondent must file with the Court a Notice of Compliance within twenty-four (24) hours of releasing Petitioner.

3.    Respondent may not re-detain Petitioner without providing her with, at minimum, individualized notice describing the change in circumstances necessitating her arrest and detention, and a pre-deprivation bond hearing before an immigration judge. Petitioner may not be detained unless Respondent demonstrates at such a pre-deprivation bond hearing, by clear and convincing evidence, that Petitioner is a flight risk or a danger to the community, and that there are no conditions that will reasonably assure Petitioner's appearance and the safety of any other person in the community.

4.    To preserve the Court's jurisdiction, respondent is enjoined from transferring, relocating, or removing Petitioner outside of the Central District of California pending final resolution of this case or further order of the Court, unless executing a final order of removal issued against Petitioner.

5.    This temporary restraining order shall take immediate effect and expires at 5:00 p.m. PT on March 4, 2026. The temporary restraining order may be extended for good cause or upon Respondents' consent.

6.    Respondent is ordered to show cause why a preliminary injunction should not issue. *See* C.D. Cal. L. R. 65-1. Respondent must file any written response to the Order to Show Cause no later than February 25, 2026. Failure to file a response by this deadline

shall be deemed as consent to the granting of a Preliminary Injunction. Petitioner shall file a reply no later than March 2, 2026.

7.    The Court shall decide, after reviewing the parties' papers, whether to hold a hearing on the Order to Show Cause or to take the Order to Show Cause under submission.

TRO Order at 6–7.

The Court has previously recounted the factual background in this case in the TRO which is incorporated here by reference. TRO Order.

## II.    **LEGAL STANDARD**

The standard for issuing a temporary restraining order and preliminary injunction under Federal Rule of Civil Procedure 65 is the same. *Six v. Newsom*, 462 F. Supp. 3d 1060, 1067 (C.D. Cal. 2020); *see also Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (noting that a temporary restraining order and preliminary injunction involve "substantially identical" analysis). Like a preliminary injunction, a temporary restraining order is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008).

Under *Winter*, a plaintiff seeking a temporary restraining order must establish four elements: "(1) a likelihood of success on the merits, (2) that the plaintiff will likely suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tip in its favor, and (4) that the public interest favors an injunction." *Wells Fargo & Co. v. ABD Ins. & Fin. Servs., Inc.*, 758 F.3d 1069, 1071 (9th Cir. 2014) (citing *Winter*, 555 U.S. at 20). Courts in this circuit also employ "an alternative 'serious questions' standard, also known as the 'sliding scale' variant of the *Winter* standard," *Fraihat v. U.S. Immigr. & Customs Enf't*, 16 F.4th 613, 635 (9th Cir. 2021), in which the four *Winter* elements are "balanced, so that a stronger showing of one element may offset a weaker showing of another." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). Under this approach, a temporary restraining order may be warranted where there are

"'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff," so long as the other *Winter* factors are also met. *Id.* at 1132.

### III.    **DISCUSSION**

In response to the OSC, Respondents argue that they have complied with the TRO by releasing Petitioner from custody and not re-detaining her. Gov. Resp. at 2; Doc. # 21. Respondents argue that Petitioner's release moots both the requested preliminary injunction and this habeas petition more generally. Gov. Resp. at 2. Respondents make no arguments as to the merits of the Preliminary Injunction, and their sole argument is that the request is moot in light of the actions they have taken in response to the TRO. *See generally id.*

Petitioner responds that her requested relief is not moot and that the PI should be issued and the Petition should not be dismissed because of the risk of unlawful re-detention.

First, the Court agrees that the TRO is moot as to the orders that: (1) Respondent is ordered to immediately release Petitioner from custody; and (2) Respondent must file with the Court a Notice of Compliance within twenty-four (24) hours of releasing Petitioner. The Petitioner has received the relief requested and ordered as to these portions of the TRO. Because there is no present controversy as to which effective relief can be granted as to these points, they are moot. *See Nw. Envtl. Def. Ctr. v. Gordon*, 849 F.2d 1241, 1244 (9th Cir. 1988).

However, the TRO is not moot as to the orders that: (1) Respondent may not re-detain Petitioner without providing her with, at minimum, individualized notice describing the change in circumstances necessitating her arrest and detention, and a pre-deprivation bond hearing before an immigration judge. Petitioner may not be detained unless Respondent demonstrates at such a pre-deprivation bond hearing, by clear and convincing evidence, that Petitioner is a flight risk or a danger to the community, and that there are no conditions that will reasonably assure Petitioner's appearance and the safety of any other person in the community, and (2) to preserve the Court's jurisdiction, respondent is enjoined from transferring, relocating, or removing Petitioner outside of the Central

District of California pending final resolution of this case or further order of the Court, unless executing a final order of removal issued against Petitioner.

Further, the Court declines to find the Petition as a whole moot at this time, as the OSC was solely related to the issuance of a preliminary injunction, not the final resolution of the case. The Magistrate Judge assigned to this case will set a briefing schedule for Respondents to respond to the merits of the Petition.

## IV.   CONCLUSION

For the foregoing reasons, the court issues a Preliminary Injunction and ORDERS as follows:

1.      Respondent may not re-detain Petitioner without providing her with, at minimum, individualized notice describing the change in circumstances necessitating her arrest and detention, and a pre-deprivation bond hearing before an immigration judge. Petitioner may not be detained unless Respondent demonstrates at such a pre-deprivation bond hearing, by clear and convincing evidence, that Petitioner is a flight risk or a danger to the community, and that there are no conditions that will reasonably assure Petitioner's appearance and the safety of any other person in the community.

2.      To preserve the Court's jurisdiction, respondent is enjoined from transferring, relocating, or removing Petitioner outside of the Central District of California pending final resolution of this case or further order of the Court, unless executing a final order of removal issued against Petitioner.

**IT IS SO ORDERED.**

Dated:  3/4/26

*Cynthia Valenzuela*
HON. CYNTHIA VALENZUELA
UNITED STATES DISTRICT JUDGE

5